**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| ANGELA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action |
| ) | No. 11-4314-CV-C-JCE-SSA |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. Plaintiff has responded to that motion, and defendant replied to the response. Having fully reviewed the record and relevant case law, the Court finds that defendant's motion should be granted.

Defendant has moved for dismissal on the grounds that plaintiff's complaint was not timely filed. A review of the record indicates that plaintiff's complaint was filed on November 28, 2011. The Appeals Council denied her request for review of the ALJ's denial of her claim on September 9, 2011. The September 9, 2011 notice was sent directly to her and a copy was sent to her representative, according to the declaration of the Chief of Disability Adjudication and Review. [Defendant's Exhibit A, Jones Decl., at 3]. Defendant submits that this action by the Appeals Council rendered the ALJ's decision the "final decision" of the Commissioner, from which plaintiff could request judicial review within sixty days from receipt of the notice. [Defendant's Motion at 2]. 42 U.S.C. § 405(g). With five days allowed for presumptive receipt of the Appeals Council's notice, plaintiff was required to commence her civil action on or before November 13, 2011. Bess v. Barnhart, 337 F.3d 988, 989 (8th Cir. 2003).

The record indicates that plaintiff filed, through her attorney, a Motion for Leave to Proceed in Forma Pauperis on November 22, 2011, and that she filed her complaint on November 28, 2011. Defendant contends that the complaint should be dismissed as untimely filed.

According to Eighth Circuit law, "notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period." Id., at 990. In this case, plaintiff does not deny that she received the notice within the time period. While she asserts that her attorney did not, the law is clear in this Circuit that receipt by either the plaintiff or her attorney triggers the 60-day period. Id. The 60-day requirement in 42 U.S.C. § 405(g) is not jurisdictional in nature, but constitutes a statute of limitations. Bowen v. City of New York, 476 U.S. 467, 478 (1986).

Equitable tolling principles may preclude enforcement of the limitations period. Id. at 480. If, however, a decision is not appealed within the 65-day period, and the equities do not support tolling the statute of limitations period, then the case must be dismissed. Bess, 337 F.3d at 989.

Plaintiff asserts that her attorney never received notice of the Appeals Council denial until November 8, 2011 when counsel called and was informed of the September 9, 2011 denial. She contends that equitable tolling is appropriate in this case because she has diligently pursued her rights. She asserts that she relied on the fact that her counsel would properly receive and handle any denial, and that once notice of the decision was made available to counsel, she timely filed a civil action. Therefore, she asserts that her complaint should not be dismissed for failure to state a claim.

Having carefully reviewed the record, the Court finds that equitable tolling of the limitations period is not justified in this case. The standard by which such principles might be appropriate has been enunciated by the Eighth Circuit. Circumstances that could justify tolling the statute of limitations "involve conduct (by someone other than the claimant) that is misleading or fraudulent."

Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988); Bess, 337 F.3d at 990. "[E]quitable tolling has been allowed only in cases where government has hindered claimant's attempts to exercise rights by acting in a misleading or a clandestine way." Id. This is not a case where defendant hindered plaintiff's attempt to exercise her rights. Plaintiff does not deny that she received proper notice in this case. Additionally, she has failed to raise any grounds for the equitable tolling principles to be applied. Even assuming in this case that plaintiff has demonstrated diligence, as she contends, she has failed to demonstrate an extraordinary circumstance that would justify tolling the applicable statutory period. Accordingly, it must be recommended that defendant's motion be granted.

Because there is no genuine dispute as to any material fact, and because equitable tolling does not afford plaintiff any relief, the Court determines that the Commissioner is entitled to summary judgment,[1] and that plaintiff's complaint should be dismissed. It is therefore

ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint be, and it is hereby, granted. It is further

ORDERED that plaintiff's complaint be dismissed.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: 5/29/12

---

[1] Because the Court considered a matter outside the pleadings in this case by reviewing the affidavit of Marian Jones for the Social Security Administration, it is proper to treat defendant's motion to dismiss under Rule 12(b)(6) as a motion for summary judgment. Gibb v. Scott, 958 F.3d 814, 816-17 (8th Cir. 1992).